IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BENITO MORALES,

    Plaintiff,                    No. CIV S-11-0380 EFB (TEMP) P

    vs.

RADEMAKER, et al.,

    Defendants.           <u>ORDER</u>

                          /

        Plaintiff is an inmate at the Yolo County Jail, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and

1

forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v.*

*Rhodes*, 416 U.S. 232, 236 (1974).

Plaintiff appears to complain that jail officials have impeded his access to the courts. An inmate has a constitutionally protected right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 820-21 (1977). An inmate is also entitled to adequate materials for drafting submissions to the courts: "It is indisputable that indigent inmates must be provided at state expense with paper and pen to draft legal documents, with notarial services to authenticate them, and with stamps to mail them." *Bounds*, 430 U.S. at 824-25. However, the court finds the factual allegations in plaintiff's complaint so vague and conclusory that he fails to state a claim upon which relief can be granted. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).

A prisoner claiming that his right of access to the courts has been or will be violated due to blocked access to the courts must show that: (1) access was or will be so limited as to be unreasonable, and (2) the inadequate access caused or will cause actual injury. *Vandelft v. Moses*, 31 F.3d 794, 797 (9th Cir. 1994). A prisoner cannot make conclusory declarations of injury, but instead must demonstrate that a non-frivolous legal claim has been frustrated or impeded. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348.

It is not enough, therefore, for an inmate to allege some sort of denial of access to the court system and leave it at that, as plaintiff has done here. Instead,

> the inmate. . . must go one step further and demonstrate that the alleged shortcomings in the . . . legal assistance program hindered his efforts to pursue a legal claim. He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by [defendants] that he was unable even to file a complaint.

3

1  *Id.* at 351.

2        Plaintiff seeks an injunction requiring defendants to stop impeding his access to the
3  courts. Before he can obtain injunctive relief, however, plaintiff must be specific about future,
4  irreparable injury of the sort described above. "Speculative injury does not constitute irreparable
5  injury sufficient to warrant granting a preliminary injunction." *Caribbean Marine Servs. Co. v.*
6  *Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) (citing *Goldie's Bookstore, Inc. v. Superior Court*,
7  739 F.2d 466, 472 (9th Cir. 1984)). Rather, a presently existing actual threat must be shown,
8  although the injury need not be certain to occur. *See Zenith Radio Corp. v. Hazeltine Research,*
9  *Inc.*, 395 U.S. 100, 130-31 (1969); *FDIC v. Garner*, 125 F.3d 1272, 1279-80 (9th Cir. 1997),
10 *cert. denied*, 523 U.S. 1020 (1998); *Caribbean Marine*, *supra*, 844 F.2d at 674. Likewise, if
11 plaintiff seeks damages for a constitutional deprivation that has already occurred, he must be
12 specific about the injury that defendants' actions inflicted.

13       Because plaintiff has not been adequately specific about any past or future injury, his
14 complaint will be dismissed with leave to file an amended complaint. If plaintiff chooses to
15 proceed with an amended complaint, he must allege in specific terms how he has been or will be
16 injured and how each named defendant is involved in inflicting that injury. There can be no
17 liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a
18 defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v.*
19 *Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.
20 1978). Furthermore, vague and conclusory allegations of official participation in civil rights
21 violations are not sufficient. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

22       Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to
23 make plaintiff's amended complaint complete. Local Rule 220 requires that an amended
24 complaint be complete in itself, without reference to any prior pleading. This is because, as a
25 general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375
26 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no

1 longer serves any function in the case.  Therefore, in an amended complaint, as in an original
2 complaint, each claim and the involvement of each defendant must be sufficiently alleged.
3     In accordance with the above, IT IS HEREBY ORDERED that:
4     1.  Plaintiff's request for leave to proceed in forma pauperis is granted.
5     2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees
6 shall be collected and paid in accordance with this court's order to the Sheriff of Yolo County,
7 filed concurrently herewith.
8     3.  Plaintiff's complaint is dismissed.
9     4.  Plaintiff is granted thirty days from the date of service of this order to file an amended
10 complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil
11 Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number
12 assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and
13 two copies of the amended complaint; failure to file an amended complaint in accordance with
14 this order will result in a recommendation that this action be dismissed.
15 DATED: June 13, 2011.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5