IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BENITO MORALES,

      Plaintiff,                       No. CIV S-11-0380 CKD P

    vs.

RADEMAKER, et al.,

      Defendants.               <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis. He seeks relief pursuant to 42 U.S.C. § 1983. After plaintiff's original complaint in this action was dismissed with leave to amend, plaintiff filed a First Amended Complaint on July 13, 2011. (Dkt. No. 8.)

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

\\\\

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In the First Amended Complaint, plaintiff alleges that he is confined in Administrative Segregation at the Yolo County Jail, and that defendants have impeded his participation in a lawsuit in the Yolo County Superior Court, which plaintiff is litigating pro se. He claims that defendants denied him materials needed to litigate his case such as "copies of exhibits and affidavits," and also denied him library access and phone calls. Plaintiff also alleges

that defendants are denying him the ability to contact "investigator, experts, legal runner, [and] witnesses." Plaintiff alleges that, a result of defendants' actions, the superior court denied his suppression motion on March 10, 2011. (Dkt. No. 8 at 3-4.) However, plaintiff does not describe the nature of his lawsuit in the Yolo County Superior Court or explain why his underlying claims in that case have merit. Nor has he clearly alleged whether, aside from the superior court's denial of his motion to suppress, he suffered any other negative consequences due to his lack of access to the courts.

Prisoners do "have a constitutional right to petition the government for redress of their grievances, which includes a reasonable right of access to the courts." O'Keefe v. Van Boening, 82 F.3d 322, 325 (9th Cir.1996); accord Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995). The Supreme Court has held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons who are trained in the law." Bounds v. Smith, 430 U.S. 817, 828 (1977). To establish a violation of the right to access to the courts, however, a prisoner must allege facts sufficient to show that: (1) a nonfrivolous legal attack on his conviction, sentence, or conditions of confinement has been frustrated or impeded, and (2) he has suffered an actual injury as a result. Lewis v. Casey, 518 U.S. 343, 353–55 (1996). An "actual injury" is defined as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Id. at 348; see also Vandelft v. Moses, 31 F.3d 794, 796 (9th Cir. 1994); Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989); Keenan v. Hall, 83 F.3d 1083, 1093 (9th Cir. 1996).

Here, plaintiff has failed to alleged why defendants' actions have precluded his pursuit of a non-frivolous direct or collateral attack upon either his criminal conviction or sentence or the conditions of his current confinement. See Lewis, 518 U.S. at 355 (right to access to the courts protects only an inmate's need and ability to "attack [his] sentence

1  [ ], directly or collaterally, and ... to challenge the conditions of [his] confinement."). In addition, plaintiff must also describe the non-frivolous nature of the "underlying cause of action, whether anticipated or lost." Christopher v. Harbury, 536 U.S. 403, 415 (2002).

In short, plaintiff has not alleged that "a complaint he prepared was dismissed," or that he was "so stymied" by any individual defendant's actions that "he was unable to even file a complaint," direct appeal or petition for writ of habeas corpus that was not "frivolous." Lewis, 518 U.S. at 351; Christopher, 536 U.S. at 416 ("like any other element of an access claim [,] ... the predicate claim [must] be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope."). Therefore, plaintiff's access to courts claims must be dismissed for failing to state a claim upon which section 1983 relief can be granted.

Plaintiff will be granted leave to file a second amended complaint within 30 days of service of this order. If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no

1  longer serves any function in the case.  Therefore, in an amended complaint, as in an original
2  complaint, each claim and the involvement of each defendant must be sufficiently alleged.
3          In accordance with the above, IT IS HEREBY ORDERED that the First Amended
4  Complaint (Dkt. No. 8) is dismissed for the reasons discussed above, with leave to file a second
5  amended complaint within thirty days from the date of service of this order.  Failure to file a
6  second amended complaint will result in a recommendation that the action be dismissed.
7    Dated: December 21, 2011

8                                                                  _____
9                                                                  CAROLYN K. DELANEY
                                                                    UNITED STATES MAGISTRATE JUDGE

13  2
    mora0380.B